## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**DONELLY SMITH,**

                      **Plaintiff,**

      v.                                                **Case No. 08-CV-530**

**SPENCER SIARNICKI, et al.,**

                      **Defendants.**

## ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT

On June 23, 2008, Donelly Smith ("Smith"), proceeding pro se, filed a complaint against the defendants. Accompanying his complaint was a motion to proceed in forma pauperis. The Honorable Charles N. Clevert, Jr. granted Smith's motion to proceed in forma pauperis. Subsequently, all parties consented to the full jurisdiction of a magistrate judge and this case was reassigned to this court.

On August 5, 2008 this court set a Rule 16 scheduling conference for September 4, 2008 at 3:00 PM in Courtroom 254 of the United States Courthouse. A copy of this order was mailed to Smith at the address he listed on his complaint and in subsequent filings with this court.

On August 19, 2008, the parties filed a joint pretrial report pursuant to Rule 26(f). Also on this date, Smith filed what was captioned as a "Motion for Discovery."

On August 25, 2008, the defendants filed a motion to dismiss the complaint or, in the alternative, to revoke Smith's in forma pauperis status on the basis that Smith falsely stated he had not filed any other civil cases in state or federal court. In support, the defendants submitted documents indicating that at various times Smith has been referred to as "Donnelly," "Donally," and, as he is referred to in this case, "Donelly." This discrepancy in the spelling of Smith's first name was noted by Judge Clevert in his order granting Smith's motion to proceed in forma

pauperis. (Docket No. 3 fn. 1.) As Judge Clevert noted, on the same day that Smith filed the above-entitled action, Smith also filed a § 2254 habeas petition under the name Donnelly Smith (case no. 08-CV-531).

An in-court scheduling conference was held on September 4, 2008. Counsel for the defendants traveled from Madison to appear. The plaintiff failed to appear. The defendants renewed their motion to dismiss and in the alternative, moved the court to dismiss the complaint for the plaintiff's failure to prosecute this action. The court indicated that it would take the motions under advisement. Smith failed to contact the court with any explanation for his failure to appear at the scheduling conference.

On September 9, 2008, in light of Smith's false statement in his complaint and his failure to comply with this court's order to appear at the September 4, 2008 scheduling conference, dismissal of the complaint in accordance with Federal Rule of Civil Procedure 41(b) was appropriate. (Docket No. 28.) Judgment was entered accordingly. (Docket No. 29.)

On September 17, 2008, Smith filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1), i.e. "mistake, inadvertence, surprise, or excusable neglect." (Docket No. 30.) The defendants responded, (Docket No. 32), and Smith has not replied.

Smith states that he was confused by this court's July 15, 2008 Notice. Smith contends he thought that either a hearing or a phone conference would be held and that he believed the conference he had with defendants' counsel was that "conference" and thus the September 4, 2008 hearing was no longer required.

Before the case was reassigned, on July 15, 2008, Judge Clevert sent a Notice of Scheduling Conference to the parties, stating that a Rule 16 scheduling conference had been set for September 4, 2008 at 3:00 PM. (Docket No. 5.) In this order, Judge Clevert instructs the parties to meet pursuant to Rule 26(f) and to submit a joint pretrial report. (Docket No. 5.) On August 5, 2008,

following this case being transferred to this court upon all parties consenting to the full jurisdiction of a magistrate judge, this court sent out its own order informing the parties that the scheduling conference set for September 4, 2008 at 3:00 PM would now be held before this court. (Docket No. 16.)

As for the false statement Smith made on his complaint, specifically that he had not filed any prior lawsuits, Smith contends that he mistakenly believed that he was being asked if he had filed any lawsuits regarding the claims he raised in the present complaint. Question I. A. on this District's standard Civil Rights Complaint Pro Se Form, asks, "Have you begun other lawsuits in state or federal court relating to the same occurrence involved in this action?" Smith answered, "No." As best as this court can determine, this is a truthful statement. However, immediately after this question, question I. B. asks, "Have you begun other lawsuits in state or federal court?" Smith again answered, "No." This statement, as explained in this court's prior order, is false. Smith has begun many, many, lawsuits in both state and federal court.

The court finds both of Smith's explanations to be unpersuasive. The court finds no basis in Judge Clevert's order to support Smith's contention that a hearing was not required; Judge Clevert's order and this court's subsequent order explicitly stated that a hearing would be held on September 4, 2008. Further, the question on the complaint form was clear. Smith asks this court to conclude that a reasonable litigant could expect that the form would call for a litigant to ask the same question twice, one immediately after the other.

The court nonetheless concludes that despite Smith's explanations, because of his prompt and renewed vigilance in prosecuting this case, relief from this court's order granting the defendants' motion to dismiss and the entry of judgment against him is appropriate. However, because his actions and inaction caused both defense counsel and the court to waste time and effort, some sanction short of dismissal remains appropriate for Smith's conduct in this case.

3

As a condition of reinstatement, a court may require the payment of reasonable costs incurred by a defendant as a result of a plaintiff's inappropriate conduct. Zaddack v. A.B. Dick Co., 773 F.2d 147, 151 (7th Cir. 1985). In Zaddack the Seventh Circuit upheld a district court's order that the plaintiff pay for 15.5 hours of defense attorney time incurred appearing at a hearing the plaintiff failed to appear at, preparing a dismissal order, responding to the plaintiff's motion to vacate, attending a hearing on the motion to vacate, and responding to the plaintiffs Rule 59 motion.

In the present case, Smith's failure resulted in prejudice to the defendants in that the defendants' attorney was required to unnecessarily travel to Milwaukee from Madison to attend the September 4, 2008 status conference. Further, Smith's false statement on his complaint resulted in the defendants' filing a motion to dismiss. Finally, there is the defendants' response to Smith's present motion for relief. None of these expenses in the form of attorney time would have been expended were it not for Smith's false statements and disobeying court orders.

Although the defendants request costs and actual attorney's fees as an alternative to the court denying Smith's motion, the defendants do not provide any indication as to what such costs or attorney's fees may be. Further, attorney's fees would likely be particularly difficult to calculate in this case in light of the fact that it was not privately retained counsel but by an Assistant Attorney General for the State of Wisconsin who represented the defendants. Even a very modest hourly rate for an attorney, such as $150 per hour, and a conservative estimate of the amount of time that an attorney unnecessarily expended, such as 15 hours, yields a total cost of $2250.00.

Additionally, there are the expenses associated with the Assistant Attorney General's unnecessary trip from Madison to Milwaukee for the hearing. The current IRS standard mileage reimbursement rate for 2008 is $0.505 per mile and thus, for the approximately 150 mile round trip between Milwaukee and Madison, a reasonable expense would be $75.75. Therefore, in total, Smith's inappropriate conduct resulted in expenses for the defendants of more than $2300.00.

Ordinarily, the court would find it appropriate for a plaintiff to pay this amount as a condition to the court granting reinstatement of the plaintiff's claim.

However, the court recognizes that this is a substantial sum, particularly for a plaintiff who was granted leave to proceed in forma pauperis. The court has reviewed the plaintiff's petition to proceed in forma pauperis. According to this petition, Smith's income exceeds his expenses by more than $75.00 per month. In light of Smith's resources, the court finds a modest forfeiture of $100.00, payable to the District Court Pro Bono Fund, is an appropriate condition to impose on the reinstatement of Smith's complaint against the defendants.

Finally, the court cautions Smith that it is absolutely necessary that he comply with procedural rules and this court's orders. If there is any further misconduct on Smith's part, the court will not hesitate to dismiss Smith's complaint.

**IT IS THEREFORE ORDERED** that Smith's Motion for Relief from Judgment, (Docket No. 30), is **granted** on the condition that Smith pay a $100.00 forfeiture payable to the District Court Pro Bono Fund within 60 days of this court's order. Payment may be made, in person, Monday through Friday, excluding holidays, 8:30 AM – 4:30 PM, at the office of the Clerk of Court, Room 362 of the United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin. Smith shall provide the Clerk a copy of this order when paying the forfeiture.

Upon payment of this forfeiture, the Clerk shall vacate the entry of judgment and reopen this case and reschedule the scheduling conference. If Smith fails to pay this forfeiture within 60 days of this order, this order shall be vacated and Smith's Motion for Relief from Judgment, (Docket No. 30), shall be denied.

Dated at Milwaukee, Wisconsin this <u>29th</u> day of October 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
